# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| RANDALL E. KNIGHT,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. C16-214-LTS<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report & Recommendation (R&R) by the Honorable Kelly K.E. Mahoney, United States Magistrate Judge. Doc. No. 20. Judge Mahoney recommends that I affirm the decision of the Commissioner of Social Security (the Commissioner) denying plaintiff Randall Knight's application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq. (Act). Neither party has objected to the R&R. The deadline for such objections has expired.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642,

1

645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730

F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

3

further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Knight sought disability benefits, alleging an onset date of April 30, 2001, due to coronary artery disease, chronic obstructive pulmonary disease (COPD), high blood pressure, past heart attacks, anxiety, depression, social phobia, schizoid and avoidant personality. AR 17. He later amended the alleged onset date to August 15, 2013. AR 254. In an October 2015 decision, an Administrative Law Judge (ALJ) concluded that Knight had severe impairments due to emphysema, coronary artery disease, status post remote myocardial infarction and interventions, chronic obstructive pulmonary disease, status post hernia surgery, depression and anxiety. AR 19. However, the ALJ found that Knight was not disabled and there were jobs that existed in significant numbers that he could perform even with his limitations. AR 21, 30. Knight's request for review was denied on November 2, 2016. AR 1. He filed a complaint in this court on December 30, 2016, and Judge Mahoney filed her R&R on February 15, 2018.

Knight argues that the ALJ (1) improperly discounted Knight's subjective allegations, (2) failed to properly evaluate the opinion of his therapist, Tamara Taylor-Hillyer and (3) failed to order consultative examinations. Doc. No. 14. Judge Mahoney first noted generally that Knight challenged only the ALJ's evaluation of his mental limitations, not his physical limitations. Doc. No. 20 at 4 n. 5. She then addressed the ALJ's evaluation of Knight's subjective complaints:

> Knight testified that he is disabled "mostly" because of his physical problems. AR 53. He stated that he was forced to resign his job in 2001 after missing work due to his depression. AR 47-48, 304. He reported continuing to suffer from depression and having trouble leaving his house some days. AR 22, 51-53. He also testified that he suffers from anxiety and does not like being around crowds, although he does well one-on-one.

4

AR 52-53. He stated that he has trouble concentrating due to his mental impairments. AR 22, 51.

The ALJ found Knight's subjective complaints inconsistent with his activities of daily living. AR 29. Substantial evidence supports that Knight is able to pay bills, handle money, do the dishes and other housework, make dinner daily, care for his houseplants and pet cats, garden, and read the news on his computer. AR 29, 51, 57-58, 284-87, 339, 730. He reported watching television in the evenings and going for walks in parks or on trails two to four times a week. AR 51, 287, 733, 990. He is teaching himself to play guitar. AR 58, 730. He goes grocery shopping once a week at a large grocery store during the morning (when it is less crowded), and he also occasionally shops for clothes. AR 51, 286, 372. He volunteers once a week at the Raptor Center, where he feeds birds, changes their water, and cleans. AR 65, 287, 990. Occasionally, visitors are around, but he does not interact with them unless they initiate conversation. AR 65. He also goes out to dinner every once in a while. AR 58. Substantial evidence supports the ALJ's determination that Knight's activities of daily living are inconsistent with a complete inability to concentrate or to be around crowds; rather, Knight's activities of daily living support that he can work on "simple, routine tasks" with "only short-lived superficial contact" with people, as found by the ALJ (AR 21).

*Id*. at 5–6 (footnotes omitted). Judge Mahoney also concluded that the ALJ sufficiently reviewed Knight's mental health treatment records and found that substantial evidence supports the ALJ's conclusion that the record does not support the severity of Knight's allegations. *Id*. at 7-8.

As for the weight given to Taylor-Hillyer's RFC opinion, Judge Mahoney stated:

Contrary to Knight's argument otherwise, the ALJ "consider[ed]" Therapist Taylor-Hillyer's RFC opinion "with respect to [the] severity" of Knight's mental impairments and their "effect on function." AR 28. The ALJ assigned it little weight, however, because the ALJ found the extreme limitations opined by Therapist Taylor-Hillyer "contrast[ed] with other evidence in the record." AR 28. As the evidence outlined in the preceding section demonstrates, substantial evidence supports this determination: for example, substantial evidence supports that Knight suffered from only mild limitations in his activities of his daily living, as found by the ALJ (AR 20), not marked limitations as found by Therapist Taylor-Hillyer. The ALJ did not err in affording Therapist Taylor-Hillyer's RFC opinion little weight

5

based on a finding (supported by substantial evidence) that the marked and extreme limitations opined by Therapist Taylor-Hillyer were inconsistent with the record as a whole.

*Id*. at 9–10 (footnotes omitted).

Finally, Knight argues that because there was no mental RFC opinion from a treating or examining source in the record and the ALJ assigned little weight to Taylor-Hillyer's opinion, the ALJ should have ordered consultative examinations. Doc. No. 20 at 10; Doc. No. 14 at 8. He also argues that the ALJ should have ordered consultative evaluations for the physical limitations because he experienced significant changes after the last state agency consultant's examination but before the ALJ's decision. Doc. No. 20 at 12; Doc. No. 14 at 10. Judge Mahoney concluded:

> [T]he record as a whole does not reflect greater mental limitations than those found by the ALJ: the mental-health treatment records reflect that Knight occasionally reported suffering from moderate depression and anxiety, but he just as often reported that he was doing well, and the treatment records for both his mental and physical ailments often reflect a normal mental status examination. Moreover, the ALJ's RFC opinion is consistent with Knight's activities of daily living and the RFC opinions of Drs. Lark and Westra, the state agency consultants. AR 101-03, 131-33. The ALJ did not need to order a consultative examination to determine Knight's mental RFC.

Doc. No. 20 at 11. She further stated:

> [T]he record reflects that he recovered well from hernia surgery, and his COPD exacerbation improved from February to March and March to June 2015. Although the state agency consultants did not have the opportunity to review all the treatment records before forming their opinions, "there is always some time lapse between the [state agency] consultant[s'] report[s] and the ALJ's hearing and decision," and "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." *Mangrich v. Colvin*, No. C15-2002-LTS, 2016 WL 593621, at *8 (N.D. Iowa Feb. 12, 2016) (quoting *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011)). Knight's condition did not deteriorate such that the ALJ could not rely on the state

agency opinions, and a consultative examination was not required for the ALJ to make an informed decision.

*Id*. at 13–14.

## IV. ANALYSIS

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Mahoney applied the appropriate legal standards for evaluating the credibility of Knight's subjective complaints, the weight assigned to Taylor-Hillyer's opinion and whether the ALJ should have ordered consultative examinations. Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation. As such, I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Mahoney's R&R (Doc. No. 20) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Mahoney's recommendation, the Commissioner's determination that Knight was not disabled is **affirmed**.

3. Judgment shall enter in favor of the defendant and against the plaintiff.

**IT IS SO ORDERED.**

**DATED** this 8th day of March, 2018.

_____
Leonard T. Strand, Chief Judge